# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 18, 2010

Lyle W. Cayce
Clerk

No. 08-51105
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANTHONY LAMONE MISHER,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:93-CR-96-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Anthony Lamone Misher, federal prisoner # 60747-080, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his motion to reduce his sentence based on recent amendments to the Sentencing Guidelines for crack cocaine offenses. *See* 18 U.S.C. § 3582(c)(2). A jury convicted Misher of conspiracy to possess with intent to distribute cocaine; he is serving 360 months of imprisonment. Misher argues that crack cocaine, in addition to powder cocaine, was used to determine his base offense level, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

therefore the district court erred in its determination that the crack cocaine amendments were inapplicable in his case.  Misher also challenges the district court's reliance on pre-incarceration conduct to deny his Section 3582(c)(2) motion.  Misher has filed a motion for the appointment of counsel.

By moving to proceed IFP, Misher is challenging the district court's certification decision that his appeal was not taken in good faith because it is frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  "An investigation into the [IFP] movant's objective good faith, while necessitating a brief inquiry into the merits of an appeal, does not require that probable success be shown."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Rather, this court's inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Id.* (internal quotation marks and citation omitted)

This court reviews the district court's "decision whether to reduce a sentence under Section 3582(c)(2) for abuse of discretion," while its interpretation of the Guidelines is reviewed *de novo* and its findings of fact are reviewed for clear error.  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009) (citations omitted), *cert. denied*, 130 S. Ct. 3462 (2010).  "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence."  *United States v. Smith*, 417 F.3d 483, 486-87 (5th Cir. 2005) (quotation marks and citations omitted).

Any error in the district court's application of the Guidelines amendments to Misher does not warrant reversal.  The district court stated in its denial of Misher's Section 3582(c)(2) motion that "[e]ven if the Court were to determine that the amendments applied to Defendant, the Court would exercise its discretion to not grant a reduction in this case due to Defendant's violent criminal background."  This language clearly indicates that the district court's denial of Misher's motion did not result from any purported error in the district court's application of the crack cocaine amendments to the Guidelines.  *See, e.g.,*

*United States v. Bonilla*, 524 F.3d 647, 656-57 (5th Cir. 2008) (holding, in direct criminal appeal, that procedural error did not require vacating sentence where the sentence imposed did not result from the Guidelines error).

Furthermore, Misher presents no meaningful argument that suggests that his post-sentencing conduct contradicts the district court's determination that he is a public safety risk. The record shows that the district court gave due consideration to Misher's motion and considered the factors set forth in 18 U.S.C. § 3553(a) in its determination that Misher's early release would clearly constitute a danger to the community. The district court's decision therefore was not an abuse of discretion. *See Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010); *Evans*, 587 F.3d at 673; U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.1(B)(i)-(iii) (2008).

Misher has failed to demonstrate that his appeal involves non-frivolous legal issues. *See Howard,* 707 F.2d at 220. Accordingly, his IFP motion is DENIED. Because the appeal is frivolous, it is DISMISSED. *See* 5th Cir. R. 42.2. Misher's motion for the appointment of counsel is DENIED. *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995).